UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAIKEL MUNOZ ARENCIBIA,

Petitioner,

Case No. 2:26-cv-2535-KCD-KRH

v.

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Maikel Munoz Arencibia is a citizen of Cuba currently detained by U.S. Immigration and Customs Enforcement ("ICE"). He asks this Court to release him or order a bond hearing. (Doc. 1.)[1] The Government opposes the petition. (Doc. 3.)

Arencibia argues that he is entitled to release because his detention has become unconstitutionally prolonged under the Fifth Amendment. The Court cannot agree. Arencibia's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Arencibia "has received a bond hearing, and [he]

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

As mentioned, Arencibia has already received a bond hearing, which was denied. (*See* Doc. 3-1 at 7-8.) Thus, the Court finds that his request for a bond hearing is moot.

The Court does not otherwise have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). And Arencibia has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e).

Because Arencibia has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on October 7, 2026.

Kyle C. Dudek
United States District Judge